UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

**CAROL PARHAM as personal representative of the Estate of Bruce Parham,**
 Plaintiff,

v.

**NCR,**
 Defendant.

Case No. 2:21-cv-825-CLM

## MEMORANDUM OPINION

Bruce Parham tripped and fell at the Wal-Mart in Bessemer, Alabama. Parham sued several entities related to the fall. (Doc. 1-1). Bruce's widow, Carol Parham, is now the plaintiff, and NCR is the only remaining defendant.

Parham alleges that the negligence of NCR and its agents caused her husband's injuries. NCR asks the court to grant summary judgment in its favor, or in the alternative, to dismiss Parham's demand for punitive damages. (*See* Doc. 49). Parham cross moved for summary judgment. (*See* Doc. 58). For the reasons explained below, the court **GRANTS IN PART** and **DENIES IN PART** NCR's motion for summary judgment (doc. 49), and **DENIES** Parham's motion for summary judgment (doc. 58).

## BACKGROUND

While shopping at the Bessemer Wal-Mart, Bruce Parham tripped over an exposed "toe kick." (*See* Doc. 50-1, pp. 3-6). He fell to the floor, and remained there until paramedics arrived. (Doc. 54, p. 2).

A "toe kick" (pictured below) is a metal bar suspended a few inches above and parallel to the ground. (*Id.*). Ordinarily, toe kicks are blocked by cash registers and shelving. (*Id.*). But on the day Bruce Parham tripped, the toe kick was exposed in an area where the public walked. (*Id.*).



The toe kick was part of a remodeling project. (Doc. 54, p. 3). The self-checkout registers had been removed as part of the project, and were due to be reinstalled later that night. (Doc. 54, p. 3).

The parties agree that NCR provided the registers and that NCR outsourced the work of moving and installing the registers, at least in part, to another company, Essintial Enterprise Solutions ("Essintial"). (Doc. 54, p. 3; Doc. 61, p. 3). NCR and Essintial signed a document that reflects the terms of their agreement. (*See* Doc. 50-1, pp. 117-132).

Under this agreement, Essintial served as a contractor for NCR, and provided "on-site installation" services. (Doc. 54, p. 3). Essintial's "lead technicians" were expected to unbox, install, and then check the hardware and software on the registers. (*Id.*). NCR asserts that Essintial removed the registers in the construction area at issue, but Parham proffers evidence suggesting that NCR also played a role. (*See* Doc. 53-2, p. 39).

After his fall, Bruce Parham sued Wal-Mart, TAB Retail, NCR, and others in state court. NCR (the only remaining defendant) removed the case to this federal court. Parham alleges only one count against NCR—*i.e.*, negligence based on allegations that "NCR and its agents" installed, repaired, and failed to clean at the site of the fall, and did not secure or rope off the area. (*See* Doc. 1-1, pp. 15-24).

## STANDARD OF REVIEW

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "The moving party bears the initial burden of demonstrating the absence of a genuine dispute of material fact." *FindWhat Inv'r Grp. v. FindWhat.com*, 658 F.3d 1282, 1307 (11th Cir. 2011) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). The court must view all evidence and make all reasonable inferences in favor of the non-moving party. *Allen v. Board of Public Educ. for Bibb Cnty.*, 495 F.3d 1306, 1315 (11th Cir. 2007) (internal quotation marks omitted).

## DISCUSSION

The court divides its discussion into two parts. Part I addresses NCR's motion for summary judgment (doc. 49). Part II addresses Parham's motion for summary judgment (doc. 58).

In diversity cases, a federal court applies the law of the forum in which it sits. *LaTorre v. Connecticut Mut. Life Ins. Co.*, 38 F.3d 538, 540 (11th Cir. 1994). So this court will apply Alabama law.

### I. NCR's motion for summary judgment is granted in part and denied in part.

Parham's Amended Complaint contains five counts, but only Count Five is alleged against NCR. (*See* Doc. 1-1, pp. 27-36). In it, Parham alleges that "NCR *and its agents* negligently installed, repaired, and failed to clean and clear out the checkout aisle, floor, railings and construction debris in areas where the plaintiff and the public had to walk . . ." (Doc. 1-1, p. 35) (emphasis added).

NCR asks the court to enter summary judgment in its favor on Count Five because: (1) Parham has no substantial evidence to show that NCR owed a duty or breached a duty to her decedent, and (2) even if the negligence claim survives, Parham's request for punitive damages should be dismissed. (Doc. 49, p. 1). The court considers each argument in turn.

3

### A. There is a genuine dispute of material fact on the negligence claim in Count Five.

1. <u>Legal Standard</u>: Parham alleges that NCR is liable for the negligence of its agents. Alabama law says that "[a]gency is generally a question of fact to be determined by the trier of fact." *John Deere Const. Equip. Co. v. England*, 883 So.2d 173, 178 (Ala. 2003) (quoting *Malmberg v. Am. Honda Motor Co., Inc.*, 644 So.2d 888, 890 (Ala. 1994)). And the Alabama Supreme Court has explained that summary judgment on agency is "generally inappropriate." *Kennedy v. Western Sizzlin Corp.*, 857 So.2d 71, 77 (Ala. 2003).

As the party alleging agency, Parham has the burden of presenting evidence of the alleged agency. *John Deere Const. Equip. Co. v. England*, 883 So.2d 173, 178 (Ala. 2003) (quoting *Malmberg v. Am. Honda Motor Co., Inc.*, 644 So.2d 888, 890 (Ala. 1994)). "The test to be applied in determining whether there existed an agency relationship based on actual authority is whether the alleged principal exercised a right of control over the manner of the alleged agent's performance." *Id.* Control must be proved, and proof of control requires more than proof of a mere right to determine if the person claimed to be an agent is conforming to the requirements of a contract. *Id.; Kennedy v. Western Sizzlin Corp.*, 857 So.2d 71, 77 (Ala. 2003).

2. <u>Application</u>: NCR concedes that it "contracted out the work of moving the registers to . . . Essintial." (Doc. 54, p. 3; *see also* Doc. 50-1, pp. 117-132). Under NCR's agreement with Essintial, Essintial "served as a contractor for NCR," and provided, among other things, onsite installation services. (Doc. 54, p. 3). Thus, the court finds that Parham has proffered enough evidence for a reasonable juror to find that Essintial was NCR's agent. So the question becomes whether a reasonable juror could find that Essintial was negligent while working as NCR's agent.

Parham offers enough evidence for a reasonable juror to find negligence. For example, Parham's evidence suggests that each member of the construction team—including Essintial—shared the responsibility of making sure the construction area was safe. (Doc. 53-2, p. 129).

4

Parham even proffers evidence suggesting that NCR's *own* negligence caused Parham's injury. For example, some of Parham's evidence suggests that individuals affiliated with NCR (rather than Essintial) removed the registers. (*See* Doc. 53-2, p. 39). Parham's evidence also suggests that NCR was responsible for blocking off the construction area where Mr. Parham fell. (*See, e.g.*, Doc. 53-2, p. 70; Doc 53-2, p. 129). Viewing this evidence in a light most favorable to Parham, the court finds that a reasonable juror could find negligence attributable to NCR or its agent.

3. <u>NCR's defenses</u>: NCR makes two arguments against this finding. First, NCR stresses that "NCR wasn't there" on the night of Mr. Parham's fall. (Doc. 54, p. 8). As NCR puts it: "because NCR was not at the store that night and has not been sued for the actions of others, Plaintiff cannot prove duty or breach of duty, and her negligence claim fails as a matter of law." (Doc. 54, p. 7). But NCR cites no case law for the proposition that being absent from a premises immunizes a principal from the negligent acts of its agent. Alabama law is clear that "a principal is responsible to third persons for the negligence of his agent in the transaction of the business of the agency," Ala. Code. § 8-2-7, present or not.

Second, NCR states in its reply brief that "[n]othing in Plaintiff's complaint put NCR on notice that Plaintiff was seeking to hold NCR liable for the actions or omissions of some other entity, like Essintial." (Doc. 66, p. 6). But Parham's complaint plainly states a claim against "NCR *and its agents . . .*" (Doc. 1-1, p. 35) (emphasis added). So the court rejects this argument.

—

In sum, there is a genuine dispute of material fact about whether Essintial negligently caused Parham's injury and whether Essintial was acting as NCR's agent when it committed the act(s) of negligence. As a result, the court **DENIES** NCR's motion for summary judgment on Count Five (doc. 49).

### B. Parham's demand for punitive damages must be dismissed.

NCR also moves for summary judgment on Parham's claim for punitive damages. Under Alabama law, "[p]unitive damages are not recoverable on negligence claims . . . ." *Synergies3 Tec Servs., LLC v. Corvo*, 319 So. 3d 1263, 1279 (Ala. 2020). That said, punitive damages are sometimes available against a principal when the conduct of an agent is intentional and wrongful. *See* Ala. Code § 6-11-27(a).

NCR argues that punitive damages are unavailable because Parham only pleaded a claim of simple negligence against NCR—not intentional or wrongful conduct. (Doc. 54, p. 8). Parham responds that some evidence shows that NCR engaged in an intentional and wanton act. (Doc. 61, p. 10). But Parham did not *plead* a claim of intentional or wanton acts by either NCR or its agents in his complaint. And a party may not raise new claims for the first time in the brief in opposition. *Gilmour v. Gates, McDonald and Co.*, 382 F.3d 1312, 1314 (11th Cir. 2004) (a liberal pleading standard "does not afford plaintiffs with an opportunity to raise new claims at the summary judgment stage"). The Eleventh Circuit is clear that "[a]t the summary judgment stage, the proper procedure for plaintiffs to assert a new claim is to amend the complaint in accordance with Fed. R. Civ. P. 15(a)." *Id.* at 1315. "A plaintiff may not amend her complaint through argument in a brief opposing summary judgment." *Id.*

Count Five of Parham's Amended Complaint demands "compensatory and punitive damages." (Doc. 1-1, p. 36). But Parham pleads no claim for which punitive damages are available under Alabama law. Accordingly, the court finds that punitive damages are unavailable here, and thus **GRANTS IN PART** NCR's motion for summary judgment. Parham's request for punitive damages is **DISMISSED**.

## II. Parham's motion for summary judgment is denied.

Parham filed a cross motion. In it, Parham argues that she is entitled to summary judgment because she has established a "prima facie case" of negligence. (*See* Doc. 58, p. 8). But Parham must do more than merely establish a prima facie case to be entitled to summary judgment; she must show that no reasonable juror could rule in NCR's favor on any element of her claim.

A court may grant summary judgment only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). And the moving party "bears the initial burden of demonstrating the absence of a genuine dispute of material fact." *FindWhat Inv'r Grp. v. FindWhat.com*, 658 F.3d 1282, 1307 (11th Cir. 2011) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).

Parham does not explain why—or even argue that—there are no genuine disputes of material fact. The court has reviewed the evidence, and determined that a jury could rule for NCR on one or more factual issues. Because there is a genuine dispute of material fact(s), the court **DENIES** Parham's motion for partial summary judgment (doc. 58).

\* \* \*

For the reasons explained above, the court **GRANTS IN PART** and **DENIES IN PART** NCR's motion for summary judgment (doc. 49), and **DENIES** Parham's motion for summary judgment (doc. 58).

**DONE** and **ORDERED** on January 6, 2023.

_____
**COREY L. MAZE**
UNITED STATES DISTRICT JUDGE

7